Milord A. Keshishian, SBN 197835
John G. Jahrmarkt, SBN 175569
MILORD & ASSOCIATES, P.C.
2029 Century Park East, Suite 2100
Los Angeles, California 90067
Tel: (310) 226-7878
Fax: (310) 446-7879
milord@milordlaw.com
john@milordlaw.com

Attorneys for Plaintiff
LA GEM & JEWELRY DESIGN, INC.

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| LA GEM & JEWELRY DESIGN, INC., a California Corporation, | Case No.: **CV10:09620** RGK (CWx) |
| Plaintiff, | **COMPLAINT FOR:** |
| vs. | **1. Declaration of Non-Infringement of Copyrights**<br>**2. Declaration of Trade Dress Invalidity/Non-Infringement** |
| STERLING JEWELERS, INC., a Delaware Corporation, and CATFISH PRODUCTIONS, INC., a California Corporation, | **JURY TRIAL DEMANDED** |
| Defendant. | |

MILORD & ASSOCIATES, PC
2029 Century Park East, Suite 2100
Los Angeles, CA 90067
(310) 226-7878

-1-

Plaintiff LA Gem & Jewelry Design, Inc. ("LA Gem") by and through its undersigned attorneys, sues Sterling Jewelers, Inc. ("Sterling") and Catfish Productions, Inc. ("Catfish"), and alleges:

## THE PARTIES

1.      Plaintiff LA GEM is a California corporation having a place of business in Los Angeles, California.  LA GEM also conducts business under its LA ROCKS service mark.

2.      Upon information and belief, Defendant Sterling Jewelers, Inc. ("Sterling") is a Delaware corporation, with its principal place of business at 375 Ghent Road, Akron, Ohio 44333.  Sterling operates numerous stores across the country, including California and this District, under its "Kay Jewelers" and "Jared the Galleria of Jewelry" brands. Further, Sterling operates web stores located at the <www.kay.com> and <www.jared.com> URLs, which distribute products throughout the United States, including California and this District.

3.      Upon information and belief, Catfish is a California corporation with its principal place of business at 23852 Pacific Coast Highway, #950, Malibu, CA 90265.

## JURISDICTION AND VENUE

4.      The Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §§ 1331, 1338(a) and (b), the Copyright Act, 17 U.S.C. § 101 et seq., the Lanham Act, 15 U.S.C. §§ 1125 and 1121 et seq., and pursuant to 28 U.S.C. §§ 2201 (a) and 2202.  The Court also has supplemental jurisdiction pursuant to 28 U.S.C. § 1367(a).

5.      Venue is proper in this judicial district pursuant to 28 U.S.C. §1391(b) and (c), and §1400(b) because Defendants conduct business in this District, reside in this District, and/or a substantial part of the events or omissions giving rise to the claim occurred in this District.

MILORD & ASSOCIATES, PC
2029 Century Park East, Suite 2100
Los Angeles, CA 90067
(310) 226-7878

COMPLAINT – Jury Demand

## FACTS COMMON TO ALL COUNTS

6.      LA GEM is a designer and creator of jewelry whose jewelry pieces are sold by numerous national retailers.

7.      In 2009, LA GEM independently created an original work of authorship comprising two unidirectional interconnected hearts ("LA GEM Pendant").  The following is a picture of the LA GEM Pendant:



8.      LA GEM has sold the LA GEM Pendant to its customer JC Penney, a national retailer.

9.      On November 16, 2010, Sterling, through its counsel, sent a letter to JC Penney, demanding termination of all sales of the LA GEM Pendant because it infringed Defendants' purported copyright and trade dress.  (A true and correct copy is attached hereto as EXHIBIT 1).

10.     On November 30, 2010, Sterling's counsel again sent correspondence asserting copyright and trade dress infringement and demanding, *inter alia*, cessation of sales.  (A true and correct copy is attached hereto as EXHIBIT 2).

11.     On December 14, 2010, Sterling's counsel sent email correspondence to LA Gem's officer and outside counsel demanding, *inter alia*, cessation of sales as a result of infringement of Defendants' purported copyrights and trade dress.  (A true and correct copy is attached hereto as EXHIBIT 3).

12.     Accordingly, Defendants' threats of copyright and trade dress infringement

MILORD & ASSOCIATES, PC
2029 Century Park East, Suite 2100
Los Angeles, CA 90067
(310) 226-7878

COMPLAINT – Jury Demand

have created an actual, substantial and justiciable case or controversy between LA GEM – its retailer JC Penney – and Defendants concerning the right of LA GEM to manufacture and sell the LA GEM Pendant.  Furthermore, to the extent, if any, that apprehension of suit remains relevant to considerations of jurisdiction for declaratory judgment, LA GEM has a reasonable apprehension of imminent suit by Defendant.

13.     As a result of Defendants' fraudulent acts and statements as alleged herein, LA GEM has and continues to suffer substantial injury and damage, and has lost gains, profits and/or advantages, which it would otherwise have obtained, but for Defendants' acts.

## COUNT I

### Declaration of Non-Infringement Of Copyrights

14.     LA GEM hereby realleges and incorporates the allegations in paragraphs 1 to 13 of the complaint as if fully set forth herein.

15.     LA GEM did not infringe, has not infringed, does not infringe and is not infringing Defendants' alleged copyrights in U.S. Copyright Office Registration Nos. VA 1-651-345 and VA 1-651-346 ("Subject Registrations") for the following "Open Hearts" hearts design:



16.     LA GEM alleges, upon information and belief, that Defendants are using threats of copyright infringement to unlawfully secure an exclusive right or limited monopoly not granted by the copyright laws.  In fact, Defendant Sterling has sued

MILORD & ASSOCIATES, PC
2029 Century Park East, Suite 2100
Los Angeles, CA 90067
(310) 226-7878

COMPLAINT – Jury Demand

numerous retailers for allegedly infringing the Subject Registrations.  In this instance, Defendants apparently take the view that they are entitled to ownership of all interconnected hearts, irrespective of shape, configuration, element placement, element ornamentation, element orientation, element distance, or any other reasonable measurement of similarity.

17.    Defendants engaged in the misuse of Subject Registrations, including in the correspondence sent to JC Penney and LA GEM, by claiming that LA GEM Pendant constituted copyright infringement when Defendants knew or should have known that it did not.

18.    LA GEM alleges, upon information and belief, that Defendants are using threats of copyright infringement to restrain LA GEM's fair competition and artistic expression in order to illegally extend the scope of Defendants' alleged copyrights.

19.    LA GEM alleges, upon information and belief, that Defendants' misuse of their copyrights constitutes a pattern and practice that has continued for several years.

20.    LA GEM is entitled to a declaratory judgment that Defendants' copyright misuse prohibits copyright enforcement by Defendants against LA GEM and its customers.  Also, LA GEM's sales of the LA GEM Pendant does not infringe on any purported copyrights in the Subject Registrations.

### COUNT II

**Declaration Of Non-Infringement, Invalidity, And Unenforceability**
**Of Alleged Trade Dress**

21.    LA GEM hereby realleges and incorporates the allegations in paragraphs 1 to 20 of the complaint as if fully set forth herein.

22.    On information and belief, prior to the date of Defendants' purported creation, third parties developed and first introduced interconnected hearts or an "Open Heart", wherein a portion of one of the heart's sides has been removed.  For example, Tiffany & Co.'s "Eternity Heart" pendant is substantially similar to Defendants' "Open

COMPLAINT – Jury Demand

MILORD & ASSOCIATES, PC
2029 Century Park East, Suite 2100
Los Angeles, CA 90067
(310) 226-7878

Hearts" design in terms of orientation. Further, as another example, U.S. Patent No. D266,154 ("the '154 Patent"), issued over twenty five years before Defendants' alleged creation of the "Open Heart" design, showed an open heart design. The following is a picture of Tiffany's "Eternity Heart" pendant and a figure from the '154 Patent's open heart design:





TIFFANY DESIGN                    The '154 Patent Design

23.    On information and belief, the alleged trade dress is used on products offered for sale and sold, and that have long been offered for sale and sold, by others in the jewelry and design industry.

24.    On information and belief, the alleged trade dress does not include protectable trade dress, it is not inherently distinctive, and has not acquired secondary meaning.

25.    LA GEM does not infringe, and has not infringed, any protectable trade dress rights of Defendants in the alleged trade dress, and has not engaged in any unfair competition or false designation of origin.

26.    Defendants' alleged trade dress does not constitute a valid and protectable trademark because the ornamental and decorative product features that lack distinctiveness and does not serve as a source identifier for Defendants.

COMPLAINT – Jury Demand

27.     Defendants are barred by the doctrines of waiver, laches, and/or estoppel from asserting the alleged trade dress against LA GEM.

28.     LA GEM respectfully submits that it is entitled to a declaration from this Court that LA GEM has not infringed any protectable trade dress right by selling the LA GEM Pendant; Defendants have no rights in the alleged trade dress; Defendants are barred from asserting any claim for infringement of the alleged trade dress against LA GEM; and LA GEM has not engaged in unfair competition or false designation of origin, with respect to the alleged trade dress.

## **PRAYER**

WHEREFORE, Plaintiff LA GEM prays for judgment against Defendants as follows:

A.     For a declaration from this Court that the subject copyright registrations are not enforceable against LA GEM;

B.     For a declaration from this Court that LA GEM has not infringed the Subject Registrations by virtue of the manufacture and sale of the LA GEM Pendant;

C.     For a declaration from this Court that LA GEM may continue to manufacture and sell its LA GEM Pendant, or any other jewelry incorporating its interconnected heart design;

D.     For an order from this Court canceling the subject registration at the Copyright Office;

E.     For a declaration from this Court that the alleged trade dress is invalid, unenforceable, generic, descriptive, functional, ornamental and/or decorative, and that Defendants' alleged trade dress has not obtained secondary meaning, Defendants were not the first to use the alleged trade dress, and Defendants have not used the alleged trade dress exclusively for a period of five years;

F.     A declaration that LA GEM has not infringed Defendants' purported trade dress rights;

MILORD & ASSOCIATES, PC
2029 Century Park East, Suite 2100
Los Angeles, CA 90067
(310) 226-7878

COMPLAINT – Jury Demand

1        G.    A declaration that Defendants have no protectable rights in the alleged trade

2    dress;

3        H.    For an injunction preventing any further interference by Defendants with LA

4    GEM, its customers, manufacturers, retailers and suppliers;

5        I.    For costs of suit incurred, including, but not limited to reasonable attorneys'

6    fees;

7        J.    That this Court grant such other and further relief that it deems just and

8    proper.

9

10   Dated:  December 15, 2010            Respectfully submitted,

11

12                      **MILORD & ASSOCIATES, P.C.**

13

14                      Milord A. Keshishian

15                      John G. Jahrmarkt

16                      Attorneys for Plaintiff

                     LA GEM & JEWELRY

17                      DESIGN, INC.

18

19

20

21

22

23

24

25

26

27

28

MILORD & ASSOCIATES, PC
2029 Century Park East, Suite 2100
Los Angeles, CA 90067
(310) 226-7878

-8-

**COMPLAINT – Jury Demand**

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

MILORD & ASSOCIATES, PC
2029 Century Park East, Suite 2100
Los Angeles, CA 90067
(310) 226-7878

## **DEMAND FOR JURY TRIAL**

Plaintiff, through its attorneys of record, hereby demands trial by Jury.

Dated:  December 15, 2010

**MILORD & ASSOCIATES, P.C.**

Milord A. Keshishian
Attorneys for Plaintiff
LA GEM & JEWELRY
DESIGN, INC.

-9-

**COMPLAINT – Jury Demand**

EXHIBIT 1

John J. Cunniff

# HAHN 🔵 LOESER

Phone: 330.864.5550
Fax: 330.864.7986
E-Mail: jcunniff@hahnlaw.com

November 16, 2010

Via Courier

J.C. Penney Corporation, Inc.
6501 Legacy Drive
Plano, TX 75024
ATTN: Legal Department

      Re: Open Hearts by Jane Seymour

Dear Sir/Madam:

Our firm represents Sterling Jewelers Inc. ("Sterling") in intellectual property matters. As the largest specialty retail jewelry company in the United States, Sterling distributes and sells high-quality jewelry products throughout the country. In April 2008, Sterling launched the "Open Hearts by Jane Seymour" jewelry collection, which is based on Jane Seymour's paintings of an open heart design and is sold exclusively through Sterling's Kay Jewelers and other branded stores. Sterling has devoted significant resources to designing, promoting, advertising and marketing the Open Hearts collection under the "Open Hearts by Jane Seymour" trademark. Two of the jewelry pieces in this collection are a silver pendant and a silver or gold pendant with diamonds in the shape of Ms. Seymour's unique open heart design. Both of these designs are original works of authorship protected by federal copyright law and registered with the United States Copyright Office ("Jane Seymour Designs"). *See* VA 1-651-345 & VA 1-651-346. Sterling is the exclusive licensee of these copyrights in the United States and other countries.

It has recently come to our client's attention that J.C. Penney Corporation Inc. is copying, reproducing, and/or distributing jewelry that is substantially similar to the Jane Seymour Designs without authorization and therefore is in violation of federal copyright law. These activities infringe Sterling's exclusive rights under the Copyright Act of 1976, 17 U.S.C. §§ 101 et seq., and entitle Sterling to equitable and monetary relief.

Additionally, these sales may constitute infringement of Sterling's trade dress in the Jane Seymour designs. Use of a trademark or trade dress in the United States that is likely to cause confusion, mistake, or deception of purchasers and the public as to the source of origin of the product or services sold may be actionable under Section 1125 of the United States Code, Title 15. The same acts may also constitute federal unfair competition, and a host of state and common law violations. Under these laws, the owner of the infringed trademark can recover the infringer's profits, recover its own damages, have infringing goods seized and destroyed, have the infringer permanently enjoined from the infringing acts, and under certain circumstances even be awarded its attorneys' fees.

---

# HAHN ⊕ LOESER

On behalf of Sterling, we hereby demand that you immediately provide us with the following in a signed writing:

(1) confirmation that you will immediately, as of today, and permanently cease and desist from copying, reproducing, and/or distributing any and all unauthorized copies of the Jane Seymour Designs and any jewelry variations thereof;

(2) confirmation that you will securely preserve your inventory of the unauthorized copies of the Jane Seymour Designs and variations thereof, and any related advertising or marketing materials now that you are on notice that your inventory may become exhibits in a federal litigation;

(3) the identities, including name, address, phone and cellular numbers, and email address, of the manufacturers, importers, distributors, buyers and all others involved in the chain of distribution of the unauthorized copies of the Jane Seymour Designs that you have manufactured and/or sold; and

(4) a full accounting of sales, purchases, profits, advertising and marketing activities and expenses connected with your distribution of unauthorized copies of the Jane Seymour Designs and any jewelry variations thereof.

If we do not receive a response by November 29, 2010 including your compliance with the foregoing, we will be forced to take appropriate action to protect Sterling's rights. We trust, however, that your timely cooperation and compliance with the terms of this letter will make further actions unnecessary.

By sending you this letter, Sterling is not waiving any of its legal or equitable rights or remedies, all of which are expressly reserved. If you have any questions, you may contact me at (330) 864-5550. We look forward to your prompt response.

Sincerely,

*John J. Cunniff*

John J. Cunniff

EXHIBIT 2

John J. Cunniff

# H A H N ⬤ L O E S E R

Phone: 330.864.5550
Fax: 330.864.7986
E-Mail: jcunniff@hahnlaw.com

November 30, 2010

Via Courier

J.C. Penney Corporation, Inc.
6501 Legacy Drive
Plano, TX 75024
ATTN: Legal Department

Re: Open Hearts by Jane Seymour

Dear Sir/Madam:

As indicated in our correspondence of November 16, 2010, our firm represents Sterling Jewelers Inc. ("Sterling") in intellectual property matters. As we indicated in that correspondence, it has come to our client's attention that J.C. Penney Corporation Inc. is copying, reproducing, and/or distributing jewelry that is substantially similar to the Jane Seymour Designs exclusively sold by Sterling without authorization. This constitutes a violation of federal copyright law. A picture of the jewelry in question is enclosed for your review. This item was sold at the J.C. Penney store located at 280 West Hillcrest Dr., Thousand Oaks, CA 91360-4294 under the mark LA Rocks. As we stated previously, this activity infringes Sterling's exclusive rights under the Copyright Act of 1976, 17 U.S.C. §§ 101 et seq., and entitles Sterling to equitable and monetary relief.

Additionally, these sales may constitute infringement of Sterling's trade dress in the Jane Seymour designs. Use of a trademark or trade dress in the United States that is likely to cause confusion, mistake, or deception of purchasers and the public as to the source of origin of the product or services sold may be actionable under Section 1125 of the United States Code, Title 15. The same acts may also constitute federal unfair competition, and a host of state and common law violations. Under these laws, the owner of the infringed trademark can recover the infringer's profits, recover its own damages, have infringing goods seized and destroyed, have the infringer permanently enjoined from the infringing acts, and under certain circumstances even be awarded its attorneys' fees.

On behalf of Sterling, we reiterate our demand that you immediately provide us with the following in a signed writing:

(1) confirmation that you will immediately, as of today, and permanently cease and desist from copying, reproducing, and/or distributing any and all unauthorized copies of the Jane Seymour Designs and any jewelry variations thereof;

---

# H A H N   LOESER

(2) confirmation that you will securely preserve your inventory of the unauthorized copies of the Jane Seymour Designs and variations thereof, and any related advertising or marketing materials now that you are on notice that your inventory may become exhibits in a federal litigation;

(3) the identities, including name, address, phone and cellular numbers, and email address, of the manufacturers, importers, distributors, buyers and all others involved in the chain of distribution of the unauthorized copies of the Jane Seymour Designs that you have manufactured and/or sold; and

(4) a full accounting of sales, purchases, profits, advertising and marketing activities and expenses connected with your distribution of unauthorized copies of the Jane Seymour Designs and any jewelry variations thereof.

Sterling wishes to resolve this issue in an amicable manner. However, it must insist that its intellectual property right be respected. By sending you this letter, Sterling is not waiving any of its legal or equitable rights or remedies, all of which are expressly reserved. If you have any questions, you may contact me at (330) 864-5550. We look forward to your prompt response.

Sincerely,

John J. Cunniff



EXHIBIT 3

**From:** John Cunniff [mailto:jcunniff@hahnlaw.com]
**Sent:** Tuesday, December 14, 2010 8:26 AM
**To:** Kayla C Owens
**Cc:** Elizabeth A Bender; milord@milordlaw.com; Joe Behney
**Subject:** Jane Seymour Designs

Dear Ms. Owens:

Thank you for your reply. Unfortunately, however, it does not address the matters we mentioned in our letter of November 16, 2010. In that letter, we had specifically requested the following:

(1) confirmation that you will immediately, as of today, and permanently cease and desist from copying, reproducing, and/or distributing any and all unauthorized copies of the Jane Seymour Designs and any jewelry variations thereof;

(2) confirmation that you will securely preserve your inventory of the unauthorized copies of the Jane Seymour Designs and variations thereof, and any related advertising or marketing materials now that you are on notice that your inventory may become exhibits in a federal litigation;

(3) the identities, including name, address, phone and cellular numbers, and email address, of the manufacturers, importers, distributors, buyers and all others involved in the chain of distribution of the unauthorized copies of the Jane Seymour Designs that you have manufactured and/or sold; and

(4) a full accounting of sales, purchases, profits, advertising and marketing activities and expenses connected with your distribution of unauthorized copies of the Jane Seymour Designs and any jewelry variations thereof.

In the interest of resolving this matter quickly and as amicably as possible, please provide us with this information without further delay.

Sincerely,

John Cunniff


**John J. Cunniff**
Hahn Loeser & Parks LLP
One GOJO Plaza, Suite 300
Akron, Ohio  44311-1076
330.237.4528 (voice)
330.864.7986 (fax)
E-Mail:  jcunniff@hahnlaw.com
Website:  www.hahnlaw.com
HAHN 🔲 LOESER
This transmission contains confidential information intended

only for the addressee(s).  The information contained in this
transmission may also be privileged and/or subject to
attorney work-product protection.  If you are not the intended
recipient, any use, dissemination, distribution or copying of
this document or its contents is strictly prohibited.

**From:** Kayla C Owens [mailto:kowen3@jcpenney.com]
**Sent:** Tuesday, December 14, 2010 10:17 AM
**To:** John Cunniff
**Cc:** Elizabeth A Bender; milord@milordlaw.com; Joe Behney
**Subject:** RE: Sterling Letter

Dear Mr. Cunniff:

This design was brought to JCPenney by one of our suppliers.  I have previously requested that
this supplier contact you directly.  I have copied the supplier and his counsel on this email.

Best,
Kayla

**From:** John Cunniff [mailto:jcunniff@hahnlaw.com]
**Sent:** Tuesday, December 14, 2010 9:02 AM
**To:** Kayla C Owens
**Cc:** Elizabeth A Bender
**Subject:** RE: Sterling Letter

Dear Ms. Owens:

It has been over a week since my email below. We have not heard back from you on this matter.
We await your reply.

Best regards,

**John J. Cunniff**
Hahn Loeser & Parks LLP
One GOJO Plaza, Suite 300
Akron, Ohio  44311-1076
330.237.4528 (voice)
330.864.7986 (fax)
E-Mail:  **jcunniff@hahnlaw.com**
Website:  **www.hahnlaw.com**

# HAHN ⊕ LOESER

This transmission contains confidential information intended only for the addressee(s). The information contained in this transmission may also be privileged and/or subject to attorney work-product protection. If you are not the intended recipient, any use, dissemination, distribution or copying of this document or its contents is strictly prohibited.

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

### NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY

This case has been assigned to District Judge R. Gary Klausner and the assigned discovery Magistrate Judge is Carla Woehrle.

The case number on all documents filed with the Court should read as follows:

## CV10- 9620 RGK (CWx)

Pursuant to General Order 05-07 of the United States District Court for the Central District of California, the Magistrate Judge has been designated to hear discovery related motions.

All discovery related motions should be noticed on the calendar of the Magistrate Judge

=================================================================

**NOTICE TO COUNSEL**

*A copy of this notice must be served with the summons and complaint on all defendants (if a removal action is filed, a copy of this notice must be served on all plaintiffs).*

Subsequent documents must be filed at the following location:

| [X] **Western Division**<br>312 N. Spring St., Rm. G-8<br>Los Angeles, CA 90012 | [ ] **Southern Division**<br>411 West Fourth St., Rm. 1-053<br>Santa Ana, CA 92701-4516 | [ ] **Eastern Division**<br>3470 Twelfth St., Rm. 134<br>Riverside, CA 92501 |
|---|---|---|

Failure to file at the proper location will result in your documents being returned to you.

Milord A. Keshishian, SBN 197835
milord@milordlaw.com
MILORD & ASSOCIATES, P.C.
2029 Century Park East, Suite 2100
Los Angeles, CA 90067 (310-226-7878)

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| LA GEM & JEWELRY DESIGN, INC., a California Corporation, <br><br> PLAINTIFF(S) <br><br> v. <br><br> STERLING JEWELERS, INC., a Delaware Corporation, and CATFISH PRODUCTIONS, INC., a California Corporation, <br><br> DEFENDANT(S). | CASE NUMBER <br><br> **CV10-09620** RGK (CWx) <br><br><br> **SUMMONS** |

TO:   DEFENDANT(S): STERLING JEWELERS, INC., a Delaware Corporation, and CATFISH PRODUCTIONS, INC., a California Corporation,

A lawsuit has been filed against you.

Within __21__ days after service of this summons on you (not counting the day you received it), you must serve on the plaintiff an answer to the attached ☑ complaint ☐ _____ amended complaint ☐ counterclaim ☐ cross-claim or a motion under Rule 12 of the Federal Rules of Civil Procedure.   The answer or motion must be served on the plaintiff's attorney, _Milord A. Keshishian_____, whose address is _2029 Century Park East, Suite 2100, Los Angeles, CA  90067_____. If you fail to do so, judgment by default will be entered against you for the relief demanded in the complaint.  You also must file your answer or motion with the court.

DEC 1 5 2010

Dated: _____

Clerk, U.S. District Court

By: _____
         Deputy Clerk

*(Seal of the Court)*

*[Use 60 days if the defendant is the United States or a United States agency, or is an officer or employee of the United States.  Allowed 60 days by Rule 12(a)(3)].*

**UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA**
CIVIL COVER SHEET

| | |
|---|---|
| **I (a) PLAINTIFFS** (Check box if you are representing yourself ☐)<br>LA GEM & JEWELRY DESIGN, INC., a California Corporation | **DEFENDANTS**<br>STERLING JEWELERS, INC., a Delaware Corporation, and<br>CATFISH PRODUCTIONS, INC., a California Corporation |
| **(b)** Attorneys (Firm Name, Address and Telephone Number. If you are representing yourself, provide same.)<br>Milord A. Keshishian, Esq. SBN 197835 (310) 226-7878<br>MILORD & ASSOCIATES, P.C.<br>2029 Century Park East, Suite 2100<br>Los Angeles, CA 90067 | Attorneys (If Known) |

**II. BASIS OF JURISDICTION** (Place an X in one box only.)

☐ 1 U.S. Government Plaintiff   ☑ 3 Federal Question (U.S. Government Not a Party)

☐ 2 U.S. Government Defendant   ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** - For Diversity Cases Only
(Place an X in one box for plaintiff and one for defendant.)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in this State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. ORIGIN** (Place an X in one box only.)

☑ 1 Original Proceeding   ☐ 2 Removed from State Court   ☐ 3 Remanded from Appellate Court   ☐ 4 Reinstated or Reopened   ☐ 5 Transferred from another district (specify):   ☐ 6 Multi-District Litigation   ☐ 7 Appeal to District Judge from Magistrate Judge

**V. REQUESTED IN COMPLAINT:   JURY DEMAND:** ☑ Yes   ☐ No (Check 'Yes' only if demanded in complaint.)

**CLASS ACTION under F.R.C.P. 23:** ☐ Yes   ☑ No     ☐ **MONEY DEMANDED IN COMPLAINT: $** > $75,000.00

**VI. CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and write a brief statement of cause. Do not cite jurisdictional statutes unless diversity.)
Declaration of Non-infringement of Copyrights; Declaration of Trade Dress Invalidity/Non-Infringement

**VII. NATURE OF SUIT** (Place an X in one box only.)

| OTHER STATUTES | CONTRACT | TORTS<br>PERSONAL INJURY | TORTS<br>PERSONAL PROPERTY | PRISONER PETITIONS | LABOR |
|---|---|---|---|---|---|
| ☐ 400 State Reapportionment | ☐ 110 Insurance | ☐ 310 Airplane | ☐ 370 Other Fraud | ☐ 510 Motions to Vacate Sentence Habeas Corpus | ☐ 710 Fair Labor Standards Act |
| ☐ 410 Antitrust | ☐ 120 Marine | ☐ 315 Airplane Product Liability | ☐ 371 Truth in Lending | | ☐ 720 Labor/Mgmt. Relations |
| ☐ 430 Banks and Banking | ☐ 130 Miller Act | ☐ 320 Assault, Libel & Slander | ☐ 380 Other Personal Property Damage | ☐ 530 General | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act |
| ☐ 450 Commerce/ICC Rates/etc. | ☐ 140 Negotiable Instrument | ☐ 330 Fed. Employers' Liability | ☐ 385 Property Damage Product Liability | ☐ 535 Death Penalty | |
| ☐ 460 Deportation | ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 340 Marine | **BANKRUPTCY** | ☐ 540 Mandamus/ Other | ☐ 740 Railway Labor Act |
| ☐ 470 Racketeer Influenced and Corrupt Organizations | | ☐ 345 Marine Product Liability | ☐ 422 Appeal 28 USC 158 | ☐ 550 Civil Rights | ☐ 790 Other Labor Litigation |
| ☐ 480 Consumer Credit | ☐ 151 Medicare Act | ☐ 350 Motor Vehicle | ☐ 423 Withdrawal 28 USC 157 | ☐ 555 Prison Condition | ☐ 791 Empl. Ret. Inc. Security Act |
| ☐ 490 Cable/Sat TV | ☐ 152 Recovery of Defaulted Student Loan (Excl. Veterans) | ☐ 355 Motor Vehicle Product Liability | **CIVIL RIGHTS** | **FORFEITURE / PENALTY** | **PROPERTY RIGHTS** |
| ☐ 810 Selective Service | | ☐ 360 Other Personal Injury | ☐ 441 Voting | ☐ 610 Agriculture | ☑ 820 Copyrights |
| ☐ 850 Securities/Commodities/ Exchange | ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 362 Personal Injury-Med Malpractice | ☐ 442 Employment | ☐ 620 Other Food & Drug | ☐ 830 Patent |
| ☐ 875 Customer Challenge 12 USC 3410 | ☐ 160 Stockholders' Suits | ☐ 365 Personal Injury-Product Liability | ☐ 443 Housing/Acco-mmodations | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 840 Trademark |
| ☐ 890 Other Statutory Actions | ☐ 190 Other Contract | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 444 Welfare | | **SOCIAL SECURITY** |
| ☐ 891 Agricultural Act | ☐ 195 Contract Product Liability | | ☐ 445 American with Disabilities - Employment | ☐ 630 Liquor Laws | ☐ 861 HIA (1395ff) |
| ☐ 892 Economic Stabilization Act | ☐ 196 Franchise | **IMMIGRATION** | ☐ 446 American with Disabilities - Other | ☐ 640 R.R. & Truck | ☐ 862 Black Lung (923) |
| ☐ 893 Environmental Matters | **REAL PROPERTY** | ☐ 462 Naturalization Application | | ☐ 650 Airline Regs | ☐ 863 DIWC/DIWW (405(g)) |
| ☐ 894 Energy Allocation Act | ☐ 210 Land Condemnation | ☐ 463 Habeas Corpus-Alien Detainee | ☐ 440 Other Civil Rights | ☐ 660 Occupational Safety /Health | ☐ 864 SSID Title XVI |
| ☐ 895 Freedom of Info. Act | ☐ 220 Foreclosure | ☐ 465 Other Immigration Actions | | ☐ 690 Other | ☐ 865 RSI (405(g)) |
| ☐ 900 Appeal of Fee Determi-nation Under Equal Access to Justice | ☐ 230 Rent Lease & Ejectment | | | | **FEDERAL TAX SUITS** |
| ☐ 950 Constitutionality of State Statutes | ☐ 240 Torts to Land | | | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) |
| | ☐ 245 Tort Product Liability | | | | ☐ 871 IRS-Third Party 26 USC 7609 |
| | ☐ 290 All Other Real Property | | | | |

**FOR OFFICE USE ONLY:**   Case Number:   CV10-9620

**AFTER COMPLETING THE FRONT SIDE OF FORM CV-71, COMPLETE THE INFORMATION REQUESTED BELOW.**

**UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA**
CIVIL COVER SHEET

**VIII(a). IDENTICAL CASES:** Has this action been previously filed in this court and dismissed, remanded or closed? ☑ No ☐ Yes
If yes, list case number(s): _____

**VIII(b). RELATED CASES:** Have any cases been previously filed in this court that are related to the present case? ☑ No ☐ Yes
If yes, list case number(s): _____

**Civil cases are deemed related if a previously filed case and the present case:**
(Check all boxes that apply)   ☐ A.  Arise from the same or closely related transactions, happenings, or events; or
                              ☐ B.  Call for determination of the same or substantially related or similar questions of law and fact; or
                              ☐ C.  For other reasons would entail substantial duplication of labor if heard by different judges; or
                              ☐ D.  Involve the same patent, trademark or copyright, and one of the factors identified above in a, b or c also is present.

**IX. VENUE:** (When completing the following information, use an additional sheet if necessary.)

(a)   List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH named plaintiff resides.
☐   Check here if the government, its agencies or employees is a named plaintiff.  If this box is checked, go to item (b).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| LA GEM & JEWELRY DESIGN, INC. - Los Angeles | |

(b)   List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH named defendant resides.
☐   Check here if the government, its agencies or employees is a named defendant.  If this box is checked, go to item (c).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| CATFISH PRODUCTIONS, INC. - Los Angeles | STERLING JEWELERS, INC. - Ohio |

(c)   List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH claim arose.
Note: In land condemnation cases, use the location of the tract of land involved.

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Los Angeles | |

**\* Los Angeles, Orange, San Bernardino, Riverside, Ventura, Santa Barbara, or San Luis Obispo Counties**
Note: In land condemnation cases, use the location of the tract of land involved.

X. SIGNATURE OF ATTORNEY (OR PRO PER): _____   Date December 15, 2010

   **Notice to Counsel/Parties:**   The CV-71 (JS-44) Civil Cover Sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law.  This form, approved by the Judicial Conference of the United States in September 1974, is required pursuant to Local Rule 3-1 is not filed but is used by the Clerk of the Court for the purpose of statistics, venue and initiating the civil docket sheet.  (For more detailed instructions, see separate instructions sheet.)

Key to Statistical codes relating to Social Security Cases:

| Nature of Suit Code | Abbreviation | Substantive Statement of Cause of Action |
|---|---|---|
| 861 | HIA | All claims for health insurance benefits (Medicare) under Title 18, Part A, of the Social Security Act, as amended. Also, include claims by hospitals, skilled nursing facilities, etc., for certification as providers of services under the program. (42 U.S.C. 1935FF(b)) |
| 862 | BL | All claims for "Black Lung" benefits under Title 4, Part B, of the Federal Coal Mine Health and Safety Act of 1969. (30 U.S.C. 923) |
| 863 | DIWC | All claims filed by insured workers for disability insurance benefits under Title 2 of the Social Security Act, as amended; plus all claims filed for child's insurance benefits based on disability. (42 U.S.C. 405(g)) |
| 863 | DIWW | All claims filed for widows or widowers insurance benefits based on disability under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405(g)) |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act, as amended. |
| 865 | RSI | All claims for retirement (old age) and survivors benefits under Title 2 of the Social Security Act, as amended. (42 U.S.C. (g)) |