RIDOUT & LYON, LLP
CHRISTOPHER P. RIDOUT (State Bar No. 143931)
Email: c.ridout@ridoutlyonlaw.com
DEVON M. LYON (State Bar No. 218293)
Email: d.lyon@ridoutlyonlaw.com
CALEB LH MARKER (State Bar No. 269721)
Email: c.marker@ridoutlyonlaw.com
555 E. Ocean Blvd., Ste. 500
Long Beach, California 90802
(562) 216-7380
(562) 216-7385 Fax

WEIL, GOTSHAL & MANGES, LLP.
STEPHEN D. KAHN, ESQ. (*pro hac vice pending*)
Email: stephen.kahn@weil.com
ARIANE NEWELL, ESQ. (*pro hac vice pending*)
Email: ariane.newell@weil.com
767 Fifth Avenue
New York, NY 10153-0023
(212) 310-8820
(212) 310-8007 Facsimile

**Attorneys for Defendants/Counterclaim-Plaintiffs,**
**STERLING JEWELERS INC., a Delaware Corporation, and**
**CATFISH PRODUCTIONS, INC., a California Corporation**

# UNITED STATES DISTRICT COURT

## CENTRAL DISCTRICT OF CALIFORNIA

### WESTERN DIVISION

| | |
|---|---|
| LA GEM & JEWELRY DESIGN, INC., a California Corporation,<br><br>Plaintiff,<br><br>v.<br><br>STERLING JEWELERS, INC. a Delaware Corporation, and CATFISH PRODUCTIONS, INC., a California Corporation,<br><br>Defendant. | Case No.: CV-10-9620 RGK (CWx)<br><br>*Assigned for all purposes to the Honorable R. Gary Klausner*<br><br>**STERLING JEWELERS INC. AND CATFISH PRODUCTIONS, INC.'S ANSWER TO COMPLAINT AND COUNTERCLAIM**<br><br>Date Action Filed: December 15, 2010<br>Trial Date:  TBD<br>Courtroom.:  850 |

STERLING JEWELERS INC., a
Delaware Corporation, CATFISH
PRODUCTIONS, INC., a California
Corporation,

           Counterclaim-Plaintiffs,

      v.

LA GEM & JEWELRY DESIGN, INC., a
California Corporation and ROES 1-10,
inclusive

           Counterclaim-Defendants.

Defendants and Counterclaim-Plaintiffs, Sterling Jewelers Inc. ("STERLING") and Catfish Productions, Inc. ("CATFISH"), by and through their attorneys, answer the Complaint filed by Plaintiff, LA Gem & Jewelry Design, Inc. ("LA GEM") and then state their Counterclaim against LA GEM, as follows:

## I.  ANSWER

1.     Admitted.  Upon information and belief, LA GEM also does business under other names and/or service marks, including without limitation, Footnotes and Universal Fine Jewelry.

2.     Admitted.

3.     Admitted.

4.     STERLING and CATFISH admit that the Complaint purports to state an action seeking declaratory judgments of non-infringement under the copyright laws of the United States, 17 U.S.C. §§ 101 *et seq.*, and the trademark laws of the United States, 15 U.S.C. §§ 1051 *et seq.*

5.     STERLING and CATFISH admit that, directly or indirectly, they conduct business in this judicial district and may be found, for purposes of 28 U.S.C. §1400(b), in this judicial district.  STERLING and CATFISH lack knowledge or information sufficient to form a belief about the truth of the remaining allegations of paragraph 5 and, on that basis, deny the same.

6.      STERLING and CATFISH admit that LA GEM markets jewelry in the United States but lack knowledge or information sufficient to form a belief about the truth of the remaining allegations of paragraph 6 and, on that basis, deny the same.

7.      STERLING and CATFISH lack knowledge or information sufficient to form a belief about the truth of the allegations of paragraph 7 and, on that basis, deny the same.  Further, STERLING and CATFISH allege that LA GEM uses the term "LA GEM Pendant" in intentionally deceptive ways throughout its Complaint.  For example, LA GEM uses the term "LA GEM Pendant" and includes an image of the "LA GEM Pendant" in paragraph 7 to identify a specific jewelry design in which the two hearts form a closed shape.  Subsequently, LA GEM uses the term "LA GEM"  to refer to other pendant designs marketed by LA GEM that differ in significant respects from the design pictured in paragraph 7 of its Complaint, including pendants containing "Open Hearts," copied from copyrighted designs owned by CATFISH and exclusively licensed by STERLING.  *Compare* Complaint ¶ 7 (closed heart pendant defined as the "LA GEM Pendant"); Complaint ¶ 10 (using the phrase "LA GEM Pendant" to refer to infringing "Open Hearts" pendant pictured in letter from STERLING's counsel).

8.      On information and belief, STERLING and CATFISH admit that a person who knows Ms. Seymour saw a pendant comprising what clearly appeared to be an "Open Heart" design copied from designs owned by CATFISH and exclusively licensed by STERLING, in a J.C. Penney store in or about November 2010.  The item pictured in paragraph 7 of the Complaint is not the item the person saw.  To the extent paragraph 8 refers to the pendant pictured in paragraph 7 of the Complaint or other unidentified pendants manufactured by or on behalf of LA GEM, STERLING and CATFISH lack knowledge or information sufficient to form a belief about the truth of the allegations of paragraph 8 and, on that basis, deny the same.

/ / /

9.      STERLING and CATFISH admit that on November 16, 2010, STERLING's outside counsel sent a letter to J.C. Penney Corporation demanding that it immediately cease and desist from distributing unauthorized copies of the "Jane Seymour Designs and any jewelry variations thereof." STERLING and CATFISH deny that the letter referred to the "LA GEM Pendant" and deny that the letter stated that J.C. Penney's sales of the products complained of in the letter "infringed" trade dress.

10.      STERLING and CATFISH admit that on November 30, 2010, STERLING's outside counsel referred to in the preceding paragraph sent a second letter asserting that certain jewelry products complained of were "substantially similar to the Jane Seymour Designs exclusively sold by STERLING without authorization" and asking J.C. Penney "to confirm that it would immediately, as of today, and permanently cease and desist from. . . distributing any and all unauthorized copies of the "Jane Seymour Designs and any jewelry variations thereof." STERLING and CATFISH deny that the letter "asserted" that J.C. Penney's sales of the products complained of in the letter constituted trade dress infringement. STERLING and CATFISH allege that sent with this letter was a photograph of the infringing jewelry pendant that was sold at a J.C. Penney store in connection with the trademark LA ROCKS. STERLING and CATFISH further allege that the item pictured in the photograph enclosed with the November 30, 2010 letter to J.C. Penney is not the pendant pictured in paragraph 7 of the Complaint. (A true copy of the infringing jewelry pendent is attached as Exhibit "A.")

11.      STERLING and CATFISH admit that on December 14, 2010, STERLING's outside counsel sent two emails to Ms. Kayla C. Owens, who, on information and belief, is an employee of J.C. Penney, and allege that plaintiff's counsel, Milord Keshishian, Esq. (milord@milordlaw.com), was copied on each of the two emails. STERLING and CATFISH further admit that in one of the emails,

STERLING's outside counsel repeated the four requests for information that had been contained in his November 30, 2010 letter to J.C. Penney, which asked, among other things, for the cessation of sales of infringing jewelry and identification of the supplier of the infringing jewelry. STERLING and CATFISH further allege that Ms. Owens, in her reply, stated "I have previously requested that this supplier contact you directly. I have copied the supplier and his counsel on this email." Since the only other persons copied on Ms. Owens' email were Elizabeth A. Bender and Joe Behney, STERLING and CATFISH on information and belief allege that these persons are connected with LA GEM. None of Ms. Bender, Mr. Behney, or LA Gem's counsel, Mr. Keshishian, complied with Mr. Owens' reasonable request that they contact STERLING's counsel directly. Rather, the following day, December 15, 2010, Mr. Keshishian filed the instant Complaint, featuring the pendant pictured in paragraph 7 of the Complaint which neither STERLING nor CATFISH had ever seen before, much less had claimed infringed any rights of STERLING or CATFISH.

12.    STERLING and CATFISH deny that if LA GEM intended to continue marketing solely the jewelry item shown in paragraph 7, LA GEM would have a reasonable apprehension of imminent suit by STERLING. LA GEM's counsel has been informed by STERLING's counsel that this jewelry item does not infringe any copyright of CATFISH or STERLING.

13.    STERLING and CATFISH deny that they have made any fraudulent acts or statements, deny that as a result of their acts LA GEM has suffered and continues to suffer any injury or damage, and deny that LA GEM has lost any gain, profit or advantage to which it is lawfully entitled. STERLING and CATFISH instead allege that, to the extent LA GEM has sold pendants of different designs than the pendant shown in paragraph 7, which other pendants do infringe the copyrights and trademark of CATFISH exclusively licensed to STERLING, it is defendants

1   STERLING and CATFISH who have been injured and have lost gain, profit and
2   advantage by reason of those sales of infringing designs by LA GEM.  STERLING
3   and CATFISH further allege that LA GEM's use of the term "LA GEM Pendant" in
4   its complaint in connection with one pendant design that does not infringe the
5   Seymour copyrights, and other pendant designs that do infringe those copyrights is a
6   willful and deliberate attempt to avoid liability by confusing this Court and others.

## II.    COUNT ONE

8       14.    STERLING and CATFISH re-allege and incorporate their
9   responses to paragraphs 1-13 as if they were fully set forth herein.

10      15.    STERLING and CATFISH admit that the pendant design shown
11  in this paragraph has been awarded Copyright Registrations Nos. VA 1-651-345 and
12  VA 1-651-346 by the U.S. Copyright Office but otherwise deny the allegations
13  stated in this paragraph.  (True copies of the Copyright Registrations are attached as
14  Exhibit "B.") STERLING and CATFISH allege that LA GEM has infringed and,
15  since at least as early as November 2010, willfully infringed, the identified
16  copyrights.

17      16.    STERLING and CATFISH deny that they are using the
18  copyrights granted by the Copyright Office for "Open Hearts" designs, including, but
19  not limited to, the two copyright registrations set forth in the preceding paragraph,
20  for any unlawful purposes or to secure any "limited monopoly not granted by the
21  copyright laws."  STERLING and CATFISH allege instead that they have sought to
22  enforce the rights established by the U.S. Constitution and the Copyright Act and
23  embodied in copyright registrations, including by bringing actions against several
24  jewelry retailers who have sold jewelry products which infringe copyrights granted
25  to Ms. Seymour. STERLING and CATFISH deny taking the view stated in the last
26  sentence of this paragraph and deny the remaining allegations of paragraph 16.
27  ///
28  ///

17.     STERLING and CATFISH deny that they have misused the copyrights registered by the Copyright Office for jewelry designs that comprise the "Open Hearts by Jane Seymour"® collection, including in the correspondence sent to J.C. Penney and LA GEM.   That correspondence notified its recipients that they were committing acts of copyright infringement by marketing certain jewelry items and requested that they stop such acts.

18.     STERLING and CATFISH deny that they are using threats of copyright infringement to restrain LA GEM's "fair competition and artistic expression," if those terms are intended to suggest that LA GEM's competitive marketing of designs that infringe copyright rights of STERLING and CATFISH have been "fair." STERLING and CATFISH allege that LA GEM is free to use its own artistic abilities to create and market jewelry, but is not free to copy copyrighted creations of Ms. Seymour.

19.     STERLING and CATFISH deny that either of them has misused copyrights, and instead state that their actions to enforce copyrights awarded by the Copyright Office for Ms. Seymour's original creations and prevent copying of those creations by LA GEM is precisely the intent of the Copyright Act.

20.     STERLING and CATFISH deny that LA GEM is entitled to a declaratory judgment that they have misused copyrights or that LA GEM's sales of several, mostly unidentified, LA GEM Pendants do not infringe on the Seymour copyrights.  Many LA GEM pendants, including the item pictured in the November 30, 2010 cease and desist letter to JC Penney and other products marketed by plaintiff, do infringe those copyrights.

### III.   COUNT TWO

21.     STERLING and CATFISH re-allege and incorporate their responses to paragraphs 14-20 as if they were fully set forth herein.

22.     STERLING and CATFISH lack information or belief enabling them to comment on the statements contained in paragraph 22 or the alleged facts

1   recited therein, and hence deny them.  STERLING and CATFISH also deny that the

2   statements or the alleged facts recited therein are relevant to any issue in the action.

3       23.     STERLING and CATFISH assert that the allegations in

4   paragraph 23 are so vague and ambiguous that they are not susceptible to response

5   and on that basis deny all such allegations.

6       24.     STERLING and CATFISH assert that the allegations in

7   paragraph 24 are so vague and ambiguous that they are not susceptible to response

8   and on that basis deny all such allegations.

9       25.     STERLING and CATFISH assert that the allegations in

10  paragraph 25 are so vague and ambiguous that they are not susceptible to response

11  and on that basis deny all such allegations.

12      26.     STERLING and CATFISH deny the allegations of paragraph 26

13  and assert that U.S. Trademark Registration No. 3,687,434 is a valid and protectable

14  trademark.

15      27.     STERLING and CATFISH do not allege that LA GEM has

16  infringed any trade dress belonging to either of them by LA GEM's actions to date

17  known to STERLING or CATFISH, but STERLING and CATFISH deny such

18  allegations to the extent they are interposed as a defense to any trademark and trade

19  dress infringement claims that may be asserted by STERLING and/or CATFISH

20  against activities of LA GEM not presently known to them.

21      28.     STERLING and CATFISH do not allege that LA GEM has

22  infringed any trade dress belonging to either of them by LA GEM's actions to date

23  known to STERLING or CATFISH, but STERLING and CATFISH deny such

24  allegations to the extent they are interposed as a defense to any trademark or trade

25  dress infringement claims that may be asserted by STERLING and/or CATFISH

26  against activities of LA GEM no present known to them.

27  **IV.   DENIAL OF PLAINTIFF'S PRAYER FOR RELIEF**

28      29.     STERLING and CATFISH request that the Court deny all relief

1  requested in LA GEM's Prayer for Relief paragraphs A, B, C, D, E, F, G, H, I and J.

2  **V.    AFFIRMATIVE DEFENSES**

3  30.    STERLING and CATFISH assert the following affirmative

4  defenses in further answer to the allegations made in LA GEM's Complaint,

5  reserving the right to amend their answer to include additional affirmative defenses

6  consistent with facts discovered in this action as it proceeds.

7  **A.    First Defense**

8  31.    Except as to Count II, LA GEM's Complaint fails to state a claim

9  upon which relief can be granted.

10  **B.    Second Defense**

11  32.    LA GEM's apparent reliance on jewelry designs allegedly

12  developed and marketed by Tiffany's & Co. and a jewelry design shown in a design

13  patent "prior to the date of [Ms. Seymour's] purported creation" is legally irrelevant

14  to any contested issue in this action.

15  **VI.    COUNTERCLAIMS**

16  33.    STERLING and CATFISH assert the following counterclaims

17  against LA GEM and allege as follows:

18  34.    This action, seeking damages and injunctive relief, is based on

19  the unauthorized copying, reproduction, distribution, and sale by LA GEM of

20  jewelry that infringe copyrighted designs (collectively, the "Copyrighted Designs")

21  and the registered trademark exclusively licensed by CATFISH to STERLING.

22  **VII.    PARTIES**

23  35.    Counterclaim-Plaintiff STERLING is a corporation organized

24  under the laws of Delaware, with its principal place of business at 375 Ghent Road,

25  Akron, Ohio 44333.  STERLING is a leading specialty jewelry retailer that

26  distributes, sells, markets, and advertises high-quality jewelry products throughout

27  the United States.

28  ///

36.     Counterclaim-Plaintiff CATFISH is a corporation organized under the laws of California and located at 24800 Pacific Coast Highway, Malibu, California 90265.

37.     Counterclaim-Defendant LA GEM, upon information and belief, is a corporation organized under the laws of California, with its principal place of business at 659 S Broadway Floor 7, Los Angeles, CA 90014-1887.  Upon further information and belief, LA GEM (also known as LA ROCKS) is a designer of jewelry items whose jewelry pieces are sold by numerous national retailers.

38.     STERLING and CATFISH do not know the true names and capacities, whether individual, partner or corporate of the Counterclaim-Defendants sued herein as ROES 1-10, inclusive, and for that reason, those Counterclaim-Defendants are sued under such fictitious names.  STERLING and CATFISH will seek leave from this Court to amend this Counterclaim when the true names and capacities of the ROE Counterclaim-Defendants are discovered.  STERLING and CATFISH are informed and believe, and allege thereon, that at all relevant times, each of the Counterclaim-Defendants, including the ROE Counterclaim-Defendants, whether individual, partner or corporate was and is responsible in some manner for the circumstances alleged herein, and proximately caused STERLING and CATFISH the damages prayed for herein.

## VIII. JURISDICTION AND VENUE

39.     This is a civil action seeking damages and injunctive relief against LA GEM for copyright infringement under the Copyright Act, 17 U.S.C. §§ 101 *et seq*, and for trademark infringement and unfair competition based on the Trademark Act, 15 U.S.C. §§ 1052 *et seq*.   This Court has jurisdiction over the subject matter of this action pursuant to 17 U.S.C. § 502, 15 U.S.C. §1114 and 28 U.S.C. §§ 1331 and 1338(a)(b).

40.     This Court has personal jurisdiction over LA GEM because LA GEM resides in this District.  In addition, on information and belief, LA GEM's

1  conduct occurred in this District and has caused harm to STERLING and CATFISH

2  in this District.

3          41.    Venue is proper in this District pursuant to 28 U.S.C. §§ 1391(b)-

4  (c) and 1400(a).

5          **VIX.  FACTS COMMON TO ALL COUNTERCLAIMS**

6      **The Development and Promotion of the Copyrighted Designs and the**

7                      **Trademark**

8          42.    Ms. Seymour, the creator of the Copyrighted Designs and the

9  registered trademark, is a renowned actress, and winner of Emmy and Golden Globe

10  awards.

11          43.    In addition to her acting career, Ms. Seymour has enjoyed success

12  as an artist and designer, particularly as a painter of watercolors and oils.  She has

13  exhibited her work in her art gallery in Los Angeles and at fine art galleries

14  throughout the United States.  Among her many copyrighted works is a painting

15  registered with the Copyright Office as Registration VAu-756-640.  (A true copy of

16  the Certificate of Registration is attached as Exhibit "C.")

17          44.    In early 2008, Ms. Seymour began designing jewelry items for

18  manufacture and sale by STERLING.  The Copyrighted Designs are based on the

19  painting identified above, which was registered with the United States Copyright

20  Office in 2007.

21          45.    The Copyrighted Designs and the trademark were created by Ms.

22  Seymour and owned by CATFISH.  CATFISH granted STERLING the exclusive

23  license to advertise and sell jewelry based on those and other designs created by Ms.

24  Seymour and owned by CATFISH.  Pursuant to the licenses, STERLING has been

25  marketing and selling the Open Hearts by Jane Seymour® Collection, including the

26  Copyrighted Designs, nationally since April 2008.

27          46.    STERLING operates approximately 1,300 stores in all fifty states

28  in the United States, including in this judicial district.

47.     STERLING distributes and sells an assortment of high-quality jewelry products, including the Copyrighted Designs that are the subject of this counterclaim.  STERLING controls the distribution and quality of its merchandise, including the Copyrighted Designs, and diligently protects its intellectual property rights in its licensed products.

48.     STERLING markets its merchandise, including the Copyrighted Designs, through national cable and network television advertising, print and network radio advertising and other means including the Internet.

49.     Since the launch of the Open Hearts by Jane Seymour® collection, STERLING continues to invest substantial sums of money in advertising, and promoting the Copyrighted Designs and other designs by Ms. Seymour and has created a successful product.

50.     On information and belief, since its introduction, the Open Hearts by Jane Seymour® collection has become one of the most popular and best-selling jewelry lines in the United States.

### LA GEM's Infringing Conduct

51.     Upon information and belief, LA GEM, deliberately trading off the success of the "Open Hearts by Jane Seymour"® Collection, has intentionally copied, reproduced, distributed, and sold unauthorized copies of the Copyrighted Designs ("LA GEM Copies") to jewelry retailers, in violation of STERLING's exclusive rights under the Copyright Act, 17 U.S.C. §§ 101 *et seq.*

52.     In its Complaint herein, LA GEM attempts to sow confusion by using the term "LA GEM Pendant" to refer to several different designs of pendants. One of these designs, that is shown in paragraph 7 of the Complaint, does not infringe the copyrights licensed to STERLING, but other designs do infringe.

53.     Upon information and belief, LA GEM, without authorization, began copying, reproducing, distributing, and/or selling the LA GEM Copies in violation of STERLING's exclusive rights in or before November 2010.

54.     STERLING learned about LA GEM's unauthorized and infringing conduct on or about November 14, 2010, when the LA GEM product shown in front and back view in a photograph was seen in a retailer's display. (A true copy of the front and back view of the infringing product is attached hereto as Exhibit "D.")

55.     Upon information and belief, LA GEM intentionally sold its LA GEM copies of the Copyrighted Designs to retailers in the weeks leading up to the 2010 Christmas and Chanukah holidays in order to capitalize on the popularity of gifts of jewelry on these holidays.

56.     Upon information and belief, LA GEM sold the LA GEM Copies so that it could trade on the good will and reputation of STERLING and Ms. Seymour, as well as STERLING's extensive investment in developing, distributing, advertising, and promoting the Copyrighted Designs.

## X.     COUNT ONE

### (Direct Copyright Infringement in Violation of 17 U.S.C. § 106)

57.     Paragraphs 29-56 are incorporated by reference as if set forth fully herein.

58.     The Copyright Act vests STERLING, as the exclusive licensee of the Copyrighted Designs, with the exclusive rights "(1) to reproduce the copyrighted work in copies…; (2) to prepare derivative works based upon the copyrighted work; and (3) to distribute copies … of the copyrighted work to the public by sale…." 17 U.S.C. §§ 106(1)-(3).

59.     Each of the Copyrighted Designs is an original work of authorship protected by copyright and registered with the United States Copyright Office.  Open Hearts Necklace (Silver & Diamonds) and (Gold & Diamonds) is registered under VA 1-651-345 and Open Hearts Necklace (Silver) is registered under VA 1-651-346.  (True and copies of the Copyright Registrations are attached as Exhibit "B," and true photographs depicting the Copyrighted Designs covered by

1 | the Copyright Registrations are attached as Exhibit "E.")  The Copyright

2 | Registrations constitute *prima facie* evidence of ownership and validity of the

3 | copyrights and have an effective date of January 28, 2009.

4 |      60.    By copying, reproducing, and distributing the LA GEM Copies,

5 | LA GEM has infringed the copyrights in the Copyright Designs in violation of

6 | Sections 106, 501-505 of the Copyright Act, 17 U.S.C. §§ 106, 501-505.

7 |      61.    The acts of LA GEM set out above, since sometime in November

8 | 2010, have been and continue to be willful, intentional, and purposeful, in violation

9 | of STERLING's exclusive rights in the Copyrighted Designs.

10 |      62.    Unless LA GEM's willful conduct is enjoined by this Court,

11 | STERLING and CATFISH will continue to suffer cause substantial harm to their

12 | rights in the Copyrighted Designs.

### XI.   COUNT TWO

**(Trademark Infringement Under Section 32 of the Lanham Act,**

**15 U.S.C. § 1114)**

16 |      63.    Paragraphs 29-62 are incorporated by reference as if set forth

17 | fully herein.

18 |      64.    Jane Seymour's distinctive "Open Hearts" design has been

19 | registered as a trademark in the United States Patent and Trademark Office under

20 | Registration No. 3687434 since September 22, 2009, for jewelry and sculptures of

21 | precious metal (the "Open Hearts Trademark").  (A true copy of the Registered

22 | Trademark is attached as Exhibit "F.")

23 |      65.    LA GEM has used the Open Hearts Trademark since a time at

24 | least as early as November 2010 in connection with jewelry products in a manner

25 | likely to cause confusion with the Open Hearts by Jane Seymour® marketed by

26 | STERLING.

27 |      66.    LA GEM's unauthorized use of the Open Hearts Trademark in

28 | connection with the sale of jewelry products constitutes trademark infringement in

1  violation of 15 U.S.C. § 1114(1), in that such use is likely to cause the consuming

2  public or the trade to be confused, mistaken or deceived into believing that Ms.

3  Seymour, CATFISH or STERLING has granted LA GEM the right to use the Open

4  Hearts Trademark and/or that LA GEM is otherwise associated, affiliated, or

5  connected with Ms. Seymour, CATFISH or STERLING.

6        67.    The conduct of LA GEM, as described above, is willful and is

7  designed specifically to enable LA GEM to profit by such misuse.

8        68.    STERLING and CATFISH's remedy at law for such

9  infringement is not adequate, and they are entitled to injunctive relief as well as other

10  remedies available under federal trademark law.

11        69.    Such conduct by LA GEM has caused and will continue to cause

12  irreparable injury to STERLING and CATFISH unless the conduct is enjoined.

13        70.    The conduct of LA GEM, as described above, is willful and is

14  designed to enable it to profit by such misuse.

15        71.    Unless LA GEM is enjoined from infringing the Open Hearts

16  Trademark, STERLING and CATFISH will incur continuing damages in an amount

17  to be proven at trial.

18        72.    Further, as a result of the willful misconduct of LA GEM,

19  STERLING and CATFISH shall be entitled to an award equal to three times its

20  actual damages and attorneys' fees.

21  **XII.**  <u>**COUNT THREE**</u>

22  **(False Designation of Origin and Unfair Competition)**

23        73.    Paragraphs 29-72 are incorporated by reference as if set forth

24  fully herein.

25        74.    By LA GEM's use of copies and imitations of the Open Hearts

26  Trademark in connection with the sale of jewelry products, LA GEM has engaged,

27  and is continuing to engage, in false designation of origin and unfair competition in

28  violation of 15 U.S.C. § 1125(a). LA GEM's use is likely to cause the consuming

1   public or the trade to be confused, mistaken or deceived into believing that Ms.

2   Seymour, CATFISH or STERLING has granted LA GEM the right to use the Open

3   Hearts Trademark and/or that LA GEM is otherwise associated, affiliated, or

4   connected with Ms. Seymour, CATFISH or STERLING.

5          75.     Such conduct complained of herein has at all times since some

6   time at least as early as November 2010 been willful, deliberate, and in disregard of

7   the rights of STERLING and CATFISH.

8          76.     Such conduct on the part of LA GEM has caused and will

9   continue to cause irreparable injury to STERLING and CATFISH.

10          77.     The conduct of LA GEM, as described above, is willful and is

11   designed to enable it to profit by such misuse.

12          78.     Unless LA GEM is enjoined from infringing the Open Hearts

13   Trademark, STERLING and CATFISH will incur continuing damages in an amount

14   to be proven at trial.

15          79.     Further, as a result of the willful misconduct of LA GEM,

16   STERLING and CATFISH shall be entitled to an award equal to three times its

17   actual damages and attorneys' fees.

## XIII. COUNT FOUR

### (Unfair Competition Under

### California Business and Professions Code Sections 17200, et seq.)

21          80.     Paragraphs 29-79 are incorporated by reference as if set forth

22   fully herein

23          81.     LA GEM's use of copies and imitations of the Open Hearts

24   Trademark in connection with the sale of jewelry products are unfair in violation of

25   §§ 17200, *et seq.* in that LA GEM's use is likely to cause the consuming public or

26   the trade to be confused, mistaken or deceived into believing that Ms. Seymour,

27   CATFISH or STERLING has granted LA GEM the right to use the Open Hearts

28   Trademark and/or

1   that LA GEM is otherwise associated, affiliated, or connected with Ms. Seymour,

2   CATFISH or STERLING

3          82.    The acts of LA GEM are fraudulent in violation of §§ 17200, *et*

4   *seq.* in that they have a tendency to mislead the consuming public or the trade.  In

5   addition, LA GEM's acts have constituted breach of warranty, breach of the

6   covenant of good faith and fair dealing, fraud, deceit and misrepresentation,

7   negligence, and allow for unjust enrichment of LA GEM.

8          83.    These violations have injured STERLING and CATFISH in an

9   amount to be proven at trial, and constitute unfair, fraudulent, and unlawful

10  competition.  Further, these violations have unjustly enriched LA GEM.  Pursuant to

11  California Business & Professions Code § 17203, STERLING and CATFISH seek

12  restitution and/or disgorgement of LA GEM's revenues in an amount to provide

13  restitution to STERLING and CATFISH in such amounts as the Court deems

14  appropriate to deter future violations of law or which are unnecessary to restore

15  STERLING and CATFISH any and all moneys obtained by means of unfair

16  competition.  STERLING and CATFISH further seek injunctive relief to prevent

17  continued or future violations of law by LA GEM, and any other relief allowable

18  under California State law.

19               XIV.  **PRAYER FOR RELIEF**

20         WHEREFORE, STERLING and CATFISH pray:

21         As relief on Count One:

22         A.     That this Court enter an order pursuant to Section 502 of the

23  Copyright Act, 17 U.S.C. § 502, declaring that the actions of LA GEM complained

24  of herein constitute willful copyright infringement, and granting injunctive relief

25  enjoining LA GEM and any individual in the employ or control of either of them,

26  from further copying, reproducing, or distributing the Copyrighted Designs or other

27  copyrighted designs of CATFISH;

28         B.     That this Court enter an order pursuant to Section 504 of the

1  Copyright Act, 17 U.S.C. § 504, stating that STERLING and CATFISH may

2  recover, at their election, either (1) LA GEM's profits obtained from its sales of

3  infringing products plus the actual damages suffered by STERLING and CATFISH;

4  or (2) statutory damages as provided by Section 504 (c);

5          C.     That this Court, at the election of STERLING, grant it statutory

6  damages against LA GEM for willfully committing infringement as provided by

7  Section 504 of the Copyright Act , 15 U.S.C. § 504;

8          D.     That this Court grant STERLING and CATFISH their costs and

9  reasonable attorney's fees as provided by Section 505 of the Copyright Act, 15

10  U.S.C. § 505;

11          E.     That this Court order, while this action is pending, an

12  impoundment of the inventory of the LA GEM Copies and of all articles by means of

13  which the LA GEM copies may be reproduced as provided by Section 503, of the

14  Copyright Act, 17 U.S.C. § 503; and

15          F.     That this Court order, as part of a final judgment or decree, the

16  destruction of the inventory of the LA GEM Copies as provided by Section 503 of

17  the Copyright Act, 17 U.S.C. § 503.

18      As relief on Counts Two and Three:

19          G.     That this Court enter an order declaring that the actions of LA

20  GEM violated Sections 32 and 43(a) of the Lanham Act (15 U.S.C. §§ 1114 and

21  1125(a));

22          H.     That this Court grant STERLING and CATFISH damages,

23  including treble damages and punitive damages, in an amount to be proven at trial,

24  including all profits, gains and advantages obtained by LA GEM from the

25  infringement of the Open Hearts Mark and unfair competition, enhanced as the

26  Court shall find to be just, according to the circumstances of the case;

27          I.     That this Court enter an injunction pursuant to section 32 of the

28  Lanham Act enjoining LA GEM from ongoing and continuing infringement of the

1    Open Hearts Mark;

2           J.      That this Court require LA GEM to file with the Court and serve

3    upon STERLING a report in writing, under oath, setting forth in detail the manner

4    and form in which it has complied with the terms of any injunction entered;  and

5           K.      That this Court grant such other and further relief as it deems just

6    and proper.

7       As relief on Count Four:

8           L.      For an order pursuant to California Business and Professions

9    Code § 17203 enjoining LA GEM from placing the Open Hearts Trademark or any

10   other STERLING or CATFISH affiliated product into the stream of commerce;

11          M.      For judgment against LA GEM, ordering it to restore to

12   STERLING and CATFISH all amounts which may have been acquired by means of

13   any practices found by this Court to be contrary to the provisions of California

14   Business and Professions Code §§ 17200, *et seq.*

15          N.      For judgment against LA GEM, ordering it to disgorge its

16   unlawfully-obtained revenues, which may have been acquired by means of any

17   practices found by this Court to be contrary to the provisions of California Business

18   and Professions Code §§ 17200, *et seq.*; and

19   / / /

20   / / /

21   / / /

22   / / /

23   / / /

24   / / /

25   / / /

26   / / /

27   / / /

28   / / /

1           O.    For civil penalties as provided in California Business and

2  Professions Code § 17206.

3                                  Respectfully submitted,

4                                  RIDOUT & LYON, LLP

5

6  Dated: May 10, 2011          By:  _____

7                                  Christopher P. Ridout, Esq.
Devon M. Lyon, Esq.

8                                  Caleb LH Marker, Esq.
Stephen D. Kahn, Esq.

9                                  Ariane Newell, Esq.
**Attorneys for Defendants and**

10                                **Counterclaim-Plaintiffs,**
**STERLING JEWELERS INC., a Delaware**

11                                **Corporation, and CATFISH**
**PRODUCTIONS, INC., a California**

12                                **Corporation**

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## PROOF OF SERVICE

**RE:**   **LA GEM & JEWELRY DESIGN, INC. v STERLING JEWELERS**
**(Case # CV-10-09620 RGK (CWx))**

I am a citizen of the United States and employed in the County of Los Los Angeles, State of California.  I am over eighteen (18) years of age and not a Party to the above-entitled action.  My business address is RIDOUT & LYON, LLP., 555 E. Ocean Boulevard, Suite 500, Long Beach, CA 90802.

On **May 10, 2011**, I served the foregoing document(s) described as:

- **ANSWER AND COUNTER CLAIM**

On the interested parties by placing a true and correct copy thereof in a sealed envelope(s) addressed as follows:

### SEE ATTACHED PROOF OF SERVICE LIST

____   **VIA OVERNIGHT MAIL:**
VIA FEDEX: By delivering such document(s) to an overnight mail service or an authorized courier in a sealed envelope or package designated by the express service courier addressed to the person(s) on whom it is to be served.

____   **VIA U.S. MAIL:**
I am readily familiar with the firm's practice of collection and processing of correspondence for mailing.  Under the practice such sealed envelope(s) would be deposited with the U.S. postal service on **May 10, 2011** with postage thereon fully prepaid, as Long Beach, California.

____   **VIA PERSONAL DELIVERY:**
I personally delivered such sealed envelope(s) by hand to the offices of the addresse(s) pursuant to CCP §1011.

**XX**   **VIA NOTICE OF ELECTRONIC FILING ("NEF")**
Pursuant to controlling General Orders and Local Rules, the foregoing document will be served by the court via NEF and hyperlink to the document.  On **May 10, 2011**, I checked the CM/ECF docket for this case and determined that the person(s) listed in the Proof of Service List are on the Electronic Mail Notice List to receive NEF transmission at the e-mail address(es) indicated.

I declare that I am employed in the office of a member of the bar of this Court at whose direction the service was made.  Executed on **May 10, 2011** in Long Beach, California.

JULIE SAUNDERS

1

## Proof of Service List

2

3

4

5

6

7

8

Milord A. Keshishian, Esq.
John G. Jahrmarkt, Esq.
**MILORD & ASSOCIATES, P.C.**
2049 Century Park East, Suite 3850
Los Angeles, CA  90067
(310) 226-7878
(310) 446-7879 Facsimile

**Attorney for Plaintiff,**
**LA GEM & JEWELRY DESIGN, INC.**

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28