1
2
3
4
5
6
7

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

### WESTERN DIVISION

| | |
|---|---|
| LA GEM & JEWELRY DESIGN, INC., a California Corporation,<br><br>              Plaintiff,<br><br>       v.<br><br>STERLING JEWELERS INC. a Delaware Corporation, and CATFISH PRODUCTIONS, INC., a California Corporation,<br><br>              Defendants. | Case No.:  CV-10-9620 RGK (CWx)<br><br>*Assigned for all discovery matters to the Honorable R. Carla Woehrle*<br><br><br>**Order on Stipulation for Entry of Protective Order Re Confidentiality of Disclosures**<br><br>Date Action Filed:  December 15, 2010<br>Trial Date:                TBD<br>Courtroom.:              850 |

_____

STIPULATION FOR ENTRY OF PROTECTIVE ORDER RE CONFIDENTIALITY OF DISCLOSURES

STERLING JEWELERS INC. a
Delaware Corporation, and CATFISH
PRODUCTIONS, INC., a California
Corporation,

Counterclaimants,

v.

LA GEM & JEWELRY DESIGN, INC., a
California Corporation,

Counterclaim Defendant.

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

Plaintiff LA GEM & JEWELRY DESIGN, INC. ("LA GEM") and Defendants

STERLING JEWELERS INC. ("Sterling") and CATFISH PRODUCTIONS, INC.

("Catfish"), through their attorneys of record, submitted the following Stipulated

Protective Order in this matter as follows with the designations herein to be applicable

to all discovery propounded after the date of said stipulation:

Subject to the approval of the Court, all documents, material or information produced

or created by a party or non-party ("Disclosing Party") to a party in this action

("Receiving Party") containing information which the Disclosing Party believes in

good faith to be confidential or trade secret information, shall be designated as

STIPULATION FOR ENTRY OF PROTECTIVE ORDER RE CONFIDENTIALITY OF DISCLOSURES

"CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" by the Disclosing Party and maintained by the Receiving Party(ies) pursuant to the terms of this Order.

## I. GOOD CAUSE STATEMENT

### A.     Factual Background

The parties to this case are in the business of manufacturing, marketing, and selling jewelry products.  Because of the parties' position within the jewelry industry, business information such as supplier lists, customer lists, cost-of-goods sold, pricing, manufacturing agreements, and other, similar information are confidential and must be protected from disclosure outside of this litigation, and with highly sensitive information, safeguards are necessary to limit the disclosure of such information to opposing parties and/or other competitors in the market so as to avoid competitive harm.

The threshold issues in the complaint center on copyright infringement and trademark infringement.  Resolution of these issues and damages analysis necessarily require evidence of, but not limited to, manufacturing costs, supplier lists, sales data, and channels of trade.

---

STIPULATION FOR ENTRY OF PROTECTIVE ORDER RE CONFIDENTIALITY OF DISCLOSURES

**B.      The Proposed Protective Order Focuses on the**

**Protection of Commercially Sensitive Business**

**Information**

Federal Rule Civil Procedure Rule 26(c)(7) permits the grant of a protective order upon a showing of good cause, and provides that the protection of a trade secret or other confidential commercial information is a proper basis for the issuance of a protective order.  The party seeking such as order must demonstrate a particular and specific need for the protective order.  *Gary v. Rodewald*, 133 F.R.D. 39, 40 (N.D. Cal. 1990).

A protective order that focuses on preventing disclosure of particular information, e.g. confidential business information, where disclosure would "likely cause serious harm," is supported by good cause.  *Hayden v. Siemens Medical Systems, Inc.,* 106 F.R.D. 551, 556, (S.D.N.Y. 1985).  To support a showing of good cause, however, a protective order must be sufficiently tailored in the information it seeks to protect, e.g. by designating certain classes or types of information.  Id.

A "blanket" protective order, as opposed to a broader "umbrella" protective order, "permits the parties to protect the documents that they in good faith believe

STIPULATION FOR ENTRY OF PROTECTIVE ORDER RE CONFIDENTIALITY OF DISCLOSURES

contain trade secrets or other confidential commercial information. Such protective

orders are routinely agreed to by the parties and approved by the courts in commercial

litigation, especially in cases between direct competitors". *Bayer AG and Miles Inc. v.*

*Barr Laboratories, Inc.*, 162 F.R.D. 456, 465, (S.D.N.Y. 1995).

As competitors, the parties' proposed protective order was drafted to protect the

confidentiality and disclosure of each party's confidential business information and to

provide extra precautions on the disclosure of highly sensitive business information,

as defined below, and as balanced against the need and use for such information to

prosecute and defend this action. The designation of Documents, whether designated

"CONFIDENTIAL" or "ATTORNEYS' EYES ONLY," is open to challenge by

either party, any third party, or the public.

### C.    Conclusion

Based on the foregoing demonstration of good cause in support of the

[Proposed] Protective Order, this Order should be granted by the Court to protect that

parties' confidential business information.

WHEREAS, information and documents that may be provided in discovery in

the above-captioned litigation, whether by a party or non-party, may be of a

---

STIPULATION FOR ENTRY OF PROTECTIVE ORDER RE CONFIDENTIALITY OF DISCLOSURES

confidential nature within the meaning of Rule 26(c) of the Federal Rules of Civil Procedure;

WHEREAS the parties wish to minimize the disclosure of confidential information of one to the other and wish to prevent all Confidential Documents from unauthorized disclosures:

NOW THEREFORE, it is ordered as follows:

1.     For purposes of this Order, a "Document" means any tangible expression or communication — however created, recorded, embodied, maintained, filed, or stored in any medium, mode, form, or technology — including, without limitation, as defined by Rule 1001 of the Federal Rules of Evidence.

2.     For the purposes of this Order, a "Document Production" means the production of any Document by any party or non-party witness pursuant to any procedure set forth in the Federal Rules of Civil Procedure, including, without limitation, any initial disclosure pursuant to Rule 26(a)(1), any deposition notice pursuant to Rule 30, any request for production of documents pursuant to Rule 34 and any subpoena pursuant to Rule 45.

3.      Any Document produced by any party or non-party witness in any Document Production, including in the form of a deposition transcript, written discovery responses, or documents produced pursuant to subpoena, whether or not designated "CONFIDENTIAL," "ATTORNEYS' EYES ONLY," or both, shall be used solely for the purpose of the prosecution and/or defense of the above-captioned action,  including preparing for and conducting pre-trial, trial and post-trial proceedings in this litigation, and shall not be used or disclosed for any business, commercial or competitive purpose or disclosed in connection with any other litigation or proceeding.  In addition, any Document designated "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY," and the contents thereof, shall not be disclosed other than as provided by the terms of this Order.

4.      Except as additionally provided in Paragraph 17 below, the provisions of this Order shall apply to any Document produced in the course of the above-captioned action when marked as "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY."

5.      A Document may be marked "CONFIDENTIAL" if the producing party or non-party witness ("Disclosing Party") reasonably believes the information in the Document is not public and the Document contains (i) financial information, reports,

---

STIPULATION FOR ENTRY OF PROTECTIVE ORDER RE CONFIDENTIALITY OF DISCLOSURES

records or projections; (ii) advertising, marketing, distribution, sales or other commercial information; or (iii) or information which, if disclosed, could impair or disrupt a current or future business relationship.

6.     A Document may be marked "ATTORNEYS' EYES ONLY" if the Disclosing Party reasonably believes the information in the Document is not public and that the information contained in such Document is highly confidential and/or commercially sensitive in nature such that the Disclosing Party reasonably believes that the disclosure of any such designated Document to a party except as set forth below is likely to cause economic harm or significant competitive advantage.  Such documents include, but are not limited to, (i) agreements, the terms thereof or information relating to the negotiation thereof; (ii) information which the Designating Party is contractually or otherwise by law required to maintain as confidential (*e.g.*, due to a non-disclosure agreement); (iii) documents containing trade secrets; (iv) current or future marketing plans; (v) current or future business plans or strategies; (vi) pricing, rates, customer lists; or (vii) other highly sensitive nonpublic commercial, financial, research or technical information.

---

STIPULATION FOR ENTRY OF PROTECTIVE ORDER RE CONFIDENTIALITY OF DISCLOSURES

US_ACTIVE:\43774069\03\75589.0104                                 8

7.     All efforts by any Disclosing Party in this matter to designate any Document as "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" shall be governed by the terms of this Order.  The party by whom any disclosure is made is the "Disclosing Party" and the party to whom any disclosure is made is the "Receiving Party."  By receiving any Document designated as "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY," the Receiving Party agrees not to disclose, publish, disseminate, or use, other than as expressly permitted herein, any such Document and will assure that all reasonable efforts are made to prevent any unauthorized use, disclosure, publication or dissemination of such Document.

8.     Except as provided herein, all Documents produced by a Disclosing Party to a Receiving Party during the course of this matter shall be designated "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" in accordance with the terms of this order, _infra_, by use of a reasonably conspicuous and prominent notice.

9.     Examples of such suitable designation would be the prominent display of a legend on the first page of a subject Document, or on a tag affixed to a tangible thing, that states:

STIPULATION FOR ENTRY OF PROTECTIVE ORDER RE CONFIDENTIALITY OF DISCLOSURES

"This Document or thing contains information which is designated by

_____ (example; LA Gem & Jewelry Design, Inc., Sterling

Jewelers Inc. or Catfish Productions, Inc.) as CONFIDENTIAL (or

ATTORNEYS' EYES ONLY); according to a certain STIPULATED

PROTECTIVE ORDER RE CONFIDENTIALITY OF DISCLOSURES,

entered in the case of LA Gem & Jewelry Design, Inc., v. Sterling

Jewelers Inc. and Catfish Productions, Inc., Case No.  CV-10-9620 RGK

(CWx) by the United States District Court for the Central District of

California and is not to be disclosed to anyone to whom its disclosure is

not expressly permitted by said Order."

10.   Alternatively, a Document may be stamped "CONFIDENTIAL" or

"ATTORNEYS' EYES ONLY" on each page thereof.

11.   It is the intent of the parties that, except as otherwise provided herein,  all

Documents, testimony, and things which are deemed appropriate for designation

pursuant to this Order as "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY"

shall be so designated at a time prior to, or concurrent with, disclosure as follows:

STIPULATION FOR ENTRY OF PROTECTIVE ORDER RE CONFIDENTIALITY OF DISCLOSURES

US_ACTIVE:\43774069\03\75589.0104

a.      for Documents and things, including written discovery responses, this means prior to delivery to the Receiving Party;

b.      for deposition testimony, the witness under deposition or his counsel shall invoke the provisions of this Order in a timely manner during the pendency of the deposition and designate the appropriate level of restriction.  During the deposition, parties shall be excluded from testimony designated "ATTORNEYS' EYES ONLY."  The witness under deposition, his or her counsel, or the counsel for any party herein, shall have the right, within thirty (30) days of receiving a transcript of the deposition, to designate, or change, the confidentiality designation of the transcript or portions thereof.

12.   Each court reporter participating in any deposition shall be provided with a copy of this Order and shall adhere to its provisions.  Each court reporter shall separately bind those portions of a deposition transcript and related exhibits designated as "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" and shall thereon place the legend on the first page of each such bound transcript or exhibits:

The Documents, things, or testimony contained herein are designated as

---

STIPULATION FOR ENTRY OF PROTECTIVE ORDER RE CONFIDENTIALITY OF DISCLOSURES

[CONFIDENTIAL or ATTORNEYS' EYES ONLY] and are to be filed with the Court in accordance with Local Rule 79-5.1, and such shall be maintained under seal with the United States District Court for the Central District of California as ordered by the Court.

13.     All Documents designated as "ATTORNEYS' EYES ONLY" shall be restricted to viewing or copying by, and disclosure to, the following persons (collectively, "ATTORNEYS' EYES ONLY persons"):

a.     Outside counsel of record for each party and such counsel's staff who are actively working on this matter, including counsel's partners, associates, paralegals, assistants, secretaries, clerical staff and in-house copy service working under the direct supervision of counsel;

b.     any court or deposition reporters transcribing testimony in the case and their staff;

c.     The United States District Court, Central District of California, and all clerks and other personnel in said Court before which this action is pending;

d.     non-party experts and consultants assisting outside counsel with respect to this action and their secretarial, technical and clerical employees who are actively assisting in the preparation of this action, but only if said experts

STIPULATION FOR ENTRY OF PROTECTIVE ORDER RE CONFIDENTIALITY OF DISCLOSURES

and consultants first comply with this Order in full and read, sign and agree to

be bound by all of its terms as provided in Paragraph 15;

      e.    any Person who is identified on the face of any such

"ATTORNEYS' EYES ONLY" designated material as an author or recipient

thereof;

      f.    any Person who is determined to have been an author and/or

previous recipient  of "ATTORNEYS' EYES ONLY" designated material, but

is not identified on the face thereof, provided there is prior testimony of actual

authorship or receipt of the "ATTORNEYS' EYES ONLY" designated material

by such person;

      g.    any person who the parties agree in writing may receive

"ATTORNEYS' EYES ONLY" designated material , but only if said person

first complies with this Order in full and read, sign and agree to be bound by all

of its terms as provided in Paragraph 15.

14.    All Documents designated as "CONFIDENTIAL" shall be restricted to

viewing, copying by and disclosure to:

      a.    All persons identified in Paragraph 13 subsections (a) through (d)

STIPULATION FOR ENTRY OF PROTECTIVE ORDER RE CONFIDENTIALITY OF DISCLOSURES

above; and

  b. The parties to this action, and any current officers, directors and employees of the respective parties who have a need to review the "CONFIDENTIAL" designated material for the purpose of assisting in connection with this litigation, subject to the limitations set forth herein.

  c. any Person who is identified on the face of any such "CONFIDENTIAL" Designated Material as an author or recipient thereof;

  d. any Person who is determined to have been an author and/or previous recipient of "CONFIDENTIAL" designated material, but is not identified on the face thereof, provided there is prior testimony of actual authorship or receipt of the "CONFIDENTIAL" designated material by such person;

  e. any person who the parties agree in writing may receive "CONFIDENTIAL" designated material , but only if said person first complies with this Order in full and read, sign and agree to be bound by all of its terms as provided in Paragraph 15.

STIPULATION FOR ENTRY OF PROTECTIVE ORDER RE CONFIDENTIALITY OF DISCLOSURES

15.     Each person required by this Order to sign a statement agreeing to be bound shall sign a statement to be delivered to the Designating Party for any Document designated as "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" upon request, which statement states the following:

> "I have read the STIPULATED PROTECTIVE ORDER RE CONFIDENTIALITY OF DISCLOSURES issued by the United States District Court for the Central District of California in the matter of <u>LA Gem & Jewelry Design, Inc., v. Sterling Jewelers Inc. and Catfish Productions, Inc.</u>, Case No.  CV-10-9620 RGK (CWx), regarding confidentiality of materials designated by the parties and their counsel.  I understand and agree to be bound by the terms of this Order."

16.     All parties, their counsel, and all persons agreeing to be bound by this Order will abide by all of the terms of this Order until otherwise ordered by the United States District Court for the Central District of California or another Court of competent jurisdiction, or by written notice releasing them from the respective obligations under this Order received from the Designating Party.

---

STIPULATION FOR ENTRY OF PROTECTIVE ORDER RE CONFIDENTIALITY OF DISCLOSURES

17.     In accordance with Federal Rules of Civil Procedure, Rule 26(b)(5)(B), the inadvertent production of material subject to the attorney-client privilege or the attorney-work product doctrine will not automatically waive the attorney-client privilege or the attorney work-product protection.  Upon a timely request from a Disclosing Party which has inadvertently produced material which it believes should be subject to the attorney-client privilege or the attorney work-product protection, each Receiving Party shall immediately return, sequester or destroy such material and all copies thereof until the dispute is resolved.  If the Receiving Party disputes the assertion of the claim of attorney-client privilege or attorney work-product protection, the Receiving Party will within forty-five (45) days present the information to the Court under seal for resolution of the dispute.  If the Receiving Party disclosed the information before receipt of the notice of inadvertent production, it must take reasonable steps to retrieve such information.  The Disclosing Party must preserve the information until the dispute is resolved.

18.     The inadvertent failure by a Disclosing Party to designate material as "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" shall not waive any such designation provided the Disclosing Party notifies the Receiving Party that such

material is "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" as soon as practicable after the failure to designate becomes known to the Disclosing Party.  A Receiving Party shall not be in breach of this Order for any use of such material before the Receiving Party receives notice of the inadvertent failure to appropriately designate by the Disclosing Party.

19.     This Agreement does not act as an admission by any Receiving Party that any Document designated as "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" by any Disclosing Party is in fact entitled to such designation, and each party reserves the right to challenge as improper, by motion or otherwise, such designation by any other Disclosing Party.  There is no waiver of right to challenge a "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" designation, and an objection to any such designation may be made at any time by sending written notice to the Disclosing Party specifying the material to which the objection is made and the ground(s) for the objection.  Thereafter, further protection of such Document shall be resolved in accordance with the following procedures:

a.     The Receiving Party and the Disclosing Party shall confer in a good faith effort to resolve the dispute.  The Disclosing Party shall have the

---

STIPULATION FOR ENTRY OF PROTECTIVE ORDER RE CONFIDENTIALITY OF DISCLOSURES

burden of justifying the disputed designation.

b.      Failing agreement, the Receiving Party may bring a motion to the Court for a ruling that the Document in question is not entitled to protection as "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" under this Order.  The Disclosing Party shall file its opposition brief within ten calendar days thereafter.

c.      Notwithstanding any challenge to a designation, the material in question designated "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" shall continue to be treated as such under this Order until one of the following occurs: (a) the Disclosing Party withdraws its designation in writing; or (b) the Court rules that the material in question is not entitled to the designation.

22.   All Documents designated as "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" sought to be filed or lodged with the Court, including the Magistrate in a discovery-related proceeding, or used any pleading or memorandum purporting to reproduce or paraphrase such "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" material, shall be filed or lodged in accordance with Local Rule 79-5.1 and the orders and procedures of the Judge and Magistrate Judge on this case, along with an

STIPULATION FOR ENTRY OF PROTECTIVE ORDER RE CONFIDENTIALITY OF DISCLOSURES

application to the Court or, where applicable, a stipulation, requesting such "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" Documents be filed under seal.  Such "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" Documents shall be labeled as follows: "This Document is Subject to a Protective Order Issued by the Court and May Not Be Examined or Copied Except in Compliance with that Order." In the event that the Court denies an application or stipulation to file under seal on the merits thereof because the Court has determined that the subject Document, in whole or in part, is not entitled to confidential treatment, the subject Document, as re-designated in whole or in part, shall no longer be entitled to any confidential treatment and need not be filed under seal but may be filed and used in like manner as any document that is not subject to a confidential designation.

23.    At the conclusion of this matter by lapse of all appeal right after entry of final judgment from which no further rights of appeal exist, or by settlement of this matter, each counsel of record for a Receiving Party shall promptly return or destroy (at the expense of the Receiving Party) all material marked "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" which has been provided by a Disclosing Party and all copies made thereof, except to the extent that any of the foregoing includes or

reflects Receiving Party's  work product, and except to the extent that such material has been filed with the Court in which proceedings related to this action are being conducted in unsealed form.  Notwithstanding the foregoing, each counsel of record shall be permitted to retain one archival copy of all pleadings submitted to the Court, deposition transcripts and exhibits thereto, and attorney notes containing material marked "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY," but such attorney shall not disclose such material without further Order of this Court.

24.     No party is prevented from seeking relief not provided by this Order, or otherwise seeking relief from the United States District Court or another Court of competent jurisdiction as may be appropriate to protect its interests or otherwise prepare this matter for trial.

25.     This Order may be modified only in writing by the parties and approved by an order of the Court, or by motion to the Court.

/ / /

/ / /

STIPULATION FOR ENTRY OF PROTECTIVE ORDER RE CONFIDENTIALITY OF DISCLOSURES

The Court, having considered the foregoing Stipulated Protective Order (the "Protective Order") between Plaintiff LA GEM & JEWELRY DESIGN, INC. ("LA GEM") and Defendants STERLING JEWELERS INC. ("Sterling") and CATFISH PRODUCTIONS, INC. ("Catfish"), and for good cause shown,

HEREBY ORDERS THAT:

1.  The Protective Order is APPROVED

IT IS SO ORDERED.

Dated: August 15, 2011

_Carla M. Woehrle_

Honorable Carla Woehrle
UNITED STATES DISTRICT COURT

STIPULATION FOR ENTRY OF PROTECTIVE ORDER RE CONFIDENTIALITY OF DISCLOSURES

US_ACTIVE:\43774069\03\75589.0104

21